IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE POINTER ) | |
| 3453 25th St., SE ) | |
| Washington DC 20020 ) | |
| ) | Case No. |
| Plaintiff ) | |
| v. ) | |
| ) | Judge: |
| THE ARCHITECT OF THE ) | |
| CAPITOL ) | |
| U.S. Capitol Building ) | PLAINTIFF'S ORIGINAL COMPLAINT |
| Washington D.C. ) | |
| Defendant | |

For his Complaint against the Defendant Architect of the Capitol Plaintiff Bruce Pointer, by and through his undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

## JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. 1301 et seq.), Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. sections 2000e, et seq.), and the common law.

3. The unlawful employment practices alleged in this complaint were committed in the District of Columbia.

4. The Plaintiff is African American and a resident of the District of Columbia, which is in the Federal Judicial District of the District of Columbia.

5. The Defendant, the Plaintiff's current employer, is a Congressional Agency located in the District of Columbia.

6. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff filed a timely complaint before the Office of Compliance. The Plaintiff participated in the Office of Compliance Counseling and Mediation sessions; and the Plaintiff files this complaint after the expiration of 30-days, and before the expiration of 90-days, following the receipt of the notice of the termination of mediation.

## BACKGROUND FACTS RELATED TO ALL COUNTS

7. The Plaintiff reasserts and reavers each of the above paragraphs as if they were specifically restated here.

8. Prior to his termination, the Plaintiff was employed as a stonemason with the Architect of the Capitol (AOC).

9. In late 2004 or early 2005, the Plaintiff attended a "Focus Meeting" – lead by an attorney who indicated that he represented the AOC – that was apparently designed to discuss issues related to racial and other forms of employment discrimination at the AOC. On information and belief, a black attorney was used to lead a meeting of all back AOC employees, while a white attorney was used to lead a parallel meeting of all white AOC employees.

10. During the Focus Meeting, Mr. Pointer spoke with the AOC attorney and complained of specific treatment that he had been subjected to. Among other things, Mr. Pointer complained that – unlike similarly situated white employees – he had not been

assigned stonemason duties, that he had not been supplied with tools and that he had not been provided a toolbox.

11. Shortly after the "Focus Meeting," Mr. Pointer began receiving "Incident Reports" in which his supervisor, Ed Huett, complained about defects in Mr. Pointer's workmanship. The incident reports were dated February 28, 2005, February 23, 2005, March 22, 2005, April 14, 2005 and August 2, 2005.

12. The above-referenced Incident Reports were based on flaws in work for which the Plaintiff was either not responsible or for which white employees (who had not participated in activities protected by the CAA) had not been disciplined under similar circumstances.

13. Citing the above-referenced Incident Reports, the Defendant propose Plaintiff's termination on or about September 2, 2005 and ultimately terminated the Plaintiff effective October 5, 2005.

## COUNT I: DISCRIMINATION BASED ON RACE

14. Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

15. The decision to discipline and terminate Mr. Pointer was motivated because of Mr. Pointer's race in violation of Title VII of the Civil Rights Act of 1964 and the Congressional Accountability Act.

16. As a result of the discriminatory conduct described above, Mr. Pointer has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.

## COUNT II: RETALIATION

17. Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

18. The decision to discipline and terminate Mr. Pointer was motivated by a desire to retaliate against him for his prior protected activity, namely complaining about discriminatory terms and conditions of employment at the above-referenced Focus Meeting and making a complaint of discriminatory and retaliatory treatment with the Office of Compliance on or about September 23, 2005, in violation of Title VII of the Civil Rights Act of 1964 and the Congressional Accountability Act.

19. As a result of the retaliatory conduct described above, Mr. Pointer has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this complaint are unlawful in that they violate the Congressional Accountability Act and the Civil Rights statutes made applicable to the Architect of the Capitol therein; (ii) permanently enjoin the defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Congressional Accountability Act; (iii) order the defendant to make the plaintiff whole by granting full back pay, front pay, abridged seniority and reimbursement for all loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iv) order that the defendant pay plaintiff compensatory damages in an amount to be determined at trial; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and

require the defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (vii) grant such other and further relief to the plaintiff as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

>Respectfully Submitted,
>ALDERMAN & DEVORSETZ, PLLC
>
>_____
>Leslie D. Alderman III (D.C. # 477750)
>1025 Connecticut Ave., NW
>Suite 1000
>Washington, DC 20036
>Tel: 202-969-8220
>Fax: 202-969-8224
>Attorneys for the Plaintiff