UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE POINTER,<br><br>                Plaintiff,<br><br>v.<br><br>THE ARCHITECT OF<br>THE CAPITOL,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case Nos. 1:06CV01056 &<br>)               1:06CV01576<br>)<br>)  Judge Royce C. Lamberth<br>)<br>) |

## MOTION TO CONSOLIDATE RELATED ACTIONS

Plaintiff, Bruce Pointer, by and through his undersigned attorneys, hereby submits his Motion to Consolidate Related Actions pursuant to Federal Rule of Civil Procedure 42(a) and Local Civ. R. 40.5(d).

For the reasons explained in the following Statement of Points and Authorities, the Plaintiff hereby respectfully requests that the Court grant its motion to consolidate Civil Action Nos. 1:06CV01056 and 1:06CV01576.  The undersigned conferred via teleconference on November 7, 2006 with counsel for the Defendant, at which time counsel indicated that he would not consent to the consolidation of these two actions.

Respectfully Submitted,

_____/s/_____
Sundeep Hora
D.C. Bar No. 472944
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@a-dlaw.com

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS

1. Civil Action Nos. 1:06CV01056 and 1:06CV01576 are based on claims of discrimination and retaliation for engaging in activities protected by the Congressional Accountability Act of 1995 2 U.S.C. § 1301 et seq.  Both cases are pending before this court, involve the same claims, a similar factual predicate, and the exact same plaintiff and defendant.

2. Case No. 1056 involves claims of discrimination based on race and retaliation arising out of Mr. Pointer's termination from his position as a stonemason with the Architect of the Capitol (AOC).  Shortly after making complaints about discriminatory terms and conditions of his employment to an attorney representing the AOC, Mr. Pointer's supervisors began to unjustly criticize his work and issue incident reports in a transparent effort to create a basis to terminate him.  The AOC ultimately terminated Mr. Pointer from his employment effective October 5, 2005.  After utilizing all administrative options available to him, Mr. Pointer filed suit on June 8, 2006 in this Court.  Defendant AOC filed their Answer on or about October 30, 2006.  The parties met on November 7, 2006 pursuant to Local Rule 16.3, and will submit a proposed scheduling order in the next few days.

3. On or about March 8, 2006, Mr. Pointer submitted a job application for a Mason position.  Mr. Pointer received notification that his application was received and that he was considered qualified for the position but his application was not referred to the selecting official for further consideration.  Moreover, after he submitted his application for the position, the position was inexplicably changed from a dayshift to a midnight shift position. In Case No. 1576, Mr. Pointer asserts that he was not

considered for the Mason position—a position he was certainly qualified for—because of his race and prior EEO and protected activity. After exhausting his administrative remedies to no avail, Mr. Pointer filed suit on September 11, 2006 in Case No. 1576. The AOC has not filed its Answer to this action.

4. Both cases, 1056 and 1576, involve claims of racial discrimination and retaliation based on protected activity asserted by the same plaintiff against the same defendant. Because these cases involve common issues of fact, common issues of law, consolidation would promote both judicial efficiency and the public interest as a whole.

5. If it were possible, Plaintiff would have included the denied selection claim (the subject of Civil Action No. 1576) in Civil Action 1056, but for the administrative prerequisites and filing deadlines imposed by the Office of Compliance's Civil Procedure Rules. The Office of Compliance Rules prevent an employee from filing a civil action within 30-days after the date he receives notice of the expiration of the mediation period. After the 30-day moratorium, the employee must file the civil action within the following 60-day period. *See* Office of Compliance Rules of Procedure §2.06(b). In Civil Action No. 1576, the 30-day filing moratorium expired after the termination of the 60-day period in which it was permissible to file Civil Action No. 1056. Thus, Plaintiff had to file Case No. 1576 as a separate civil action rather than include these related claims in the first civil action.

6. Fed. R. Civ. P. 42(a) provides that when actions involving a common question of law or fact are pending before the court, it may order that all the actions consolidated. Local Civil Rule 40.5 provides that civil cases are deemed related when they "(ii)

3

involve common issues of fact, or (iii) grow out of the same event or transaction…" Local Civ. R. 40.5(a)(3).

7. A district court has broad discretion to consolidate actions under Rule 42(a). *Stewart v. O'Neill,* 225 F. Supp. 2d 16, (D.D.C. 2002) (Lamberth, J.) (*citing, Biochem Pharma, Inc. v. Emory Univ.,* 148 F. Supp. 2d 11, 13 (D.D.C. 2001)). While the "discretion to consolidate is not unfettered" and "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate. *International Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992).

8. The two cases not only involve common issues of fact, they involve the exact same legal claims, specifically discrimination and retaliation, with the same exact parties. The parties have yet to start discovery in Case No. 1056, and an Answer has not even been filed in Case No. 1576. Thus, both actions are at a preliminary stage that would weigh heavily in favor of efficiency by avoiding non-duplicative discovery, motions, and trials on Plaintiff's claims. Finally, consolidation poses absolutely no danger of confusion of the issues, nor would it result in prejudice to the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court (i) consolidate Case Nos. 1:06CV01056 & 1:06CV01576; (ii) the governing or consolidated civil case number be that of the first case filed, 1:06CV01056, (iii) grant such other and further relief to effectuate the requested consolidation as the Court deems just and proper.

Respectfully Submitted,

_____/s/_____
Sundeep Hora
D.C. Bar No. 472944
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@a-dlaw.com

5

**CERTIFICATE OF SERVICE (ECF)**

I certify that on November 8, 2006, I electronically filed the foregoing with the Clerk of the Court by using the Court's Electronic Case Filing (ECF) system, which will send a Notice of Electronic Filing to the following:

Leslie David Alderman, III, lalderman@a-dlaw.com (Co-counsel for Plaintiff)

John C. Truong, john.truong@usdoj.gov (Counsel for Defendant)

_____/s/_____
Sundeep Hora

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRUCE POINTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Nos. 1:06CV01056 & 1:06CV01576 |
| THE ARCHITECT OF THE CAPITOL, | ) ) ) | Judge Royce C. Lamberth |
| Defendant. | ) ) ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion to Consolidate Related Actions, and the opposition thereto, it is hereby ORDERED that Case Nos. 1:06CV01056 & 1:06CV01576 be consolidated pursuant to Federal Rule of Civil Procedure 42(a). The governing civil number for the consolidated action is Case No. 06CV01056. The parties shall adhere to the deadlines contained in the approved scheduling order for Case No. 06CV01056.

SO ORDERED.

Dated: _____    _____
                                  U.S. District Judge Lamberth

1