**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRUCE POINTER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>THE ARCHITECT OF )<br>THE CAPITOL, )<br>)<br>    Defendant. )<br>_____) | Civ. No.: 06-CV-1056 (RCL)<br>ECF |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONSOLIDATE RELATED CASES**

**I.  Introduction.**

Plaintiff Bruce Pointer filed two separate lawsuits against Defendant, the Architect of the Capitol, under the Congressional Accountability Act and Title VII claiming that Defendant discriminated against him because of his race and retaliated against him for his prior protected activities. See Pointer v. AOC, No. 06-1056 (filed June 8, 2006) (Lamberth, J.) ("*Pointer I*") and Pointer v. AOC, No. 06-1576 (filed Sept. 11, 2006) (Lamberth, J.) ("*Pointer II*"). Plaintiff presently seeks to consolidate these two actions. Plaintiff's Motion to Consolidate, however, fails to show that these two cases share a common question of law or issue of fact to warrant consolidation under Fed. R. Civ. P. 42(a) and Local Rule 40.5(a)(3). As we stated in our Answer to the complaint in Pointer II these matters are not related to one another and should not be consolidated or designated as related cases. See paragraphs 7 and 10 of the Defendant's Answer.

As shown more fully below, these two cases involve two distinct alleged discriminatory actions by Defendant. More important, the two alleged actions were committed by different

officials, who work in different divisions. Finally, the underlying legal analyses of these two actions are also different.

## II. Background.

On June 8, 2006, Plaintiff filed *Pointer I* alleging that Defendant discriminated against him when Defendant terminated his employment as a stone mason. *Pointer I* at ¶ 13 (Dkt. No. 1). According to Plaintiff, Defendant issued several incident reports detailing deficiencies in Plaintiff's work after Plaintiff voiced his concerns that Defendant treated him less favorably than similarly situated white employees. Id. at ¶ 10, 11,18. These incident reports led to Plaintiff's termination in October 2005. Id.

After several months of unemployment, in March 2006, Plaintiff applied for and was denied a position as a stone mason. See *Pointer II* at ¶ 11 (Dkt. No. 1). Subsequently, on September 11, 2006, Plaintiff filed *Pointer II* alleging that Defendant discriminated against him when it did not select him for the position. Id. He also claims that Defendant retaliated against him because of his prior administrative claim that gave rise to *Pointer I*. Id. at ¶ 20.

## III. Argument

Plaintiff seeks to consolidate *Pointer I* and *Pointer II* arguing that both cases involve "claims of racial discrimination and retaliation." Mot. to Consolidate at 3 (Dkt. No. 9). The similarity is superficial at best and it ends there. The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. See Stewart v. O'Niell, 225 F. Supp.2d 16, 21 (D.D.C. 2002). Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated." Fed.R.Civ.P. 42(a). As shown below, in this instance, both the question of law

and issues of fact are completely different in the two cases.

### A.     The Underlying Legal Issues Are Different.

Although *Pointer I* and *Pointer II* involve racial discrimination and retaliation claims that must be analyzed under the McDonnell-Douglas burden-shifting framework, the similarity ends there. For instance, in *Pointer I*, a disparate treatment case, to establish his prima facie case of discrimination, Plaintiff must show that he (1) belongs to a statutorily-protected group; (2) he suffered an "adverse employment action" and (3) under circumstances giving rise to an inference of discrimination. See Stella v. Mineta, 284 F.3d 135, 144-45 (D.C. Cir. 2002); Harding v. Gray, 9 F.3d 150, 152 (D.C. Cir. 1993). In George v. Leavitt, the D.C. Circuit clarifies that a plaintiff can meet the third prong of this test by showing that he was treated differently from similarly situated employees who are not part of the protected class. 407 F.3d 405, 412 (D.C. Cir. 2005).

On the other hand, *Pointer II* involves a non-selection situation. For Plaintiff to establish his prima facie case of discrimination, he must show that (1) he belongs to a member of the protected class; (2) he applied for an available position; (3) despite his qualifications, he was rejected; and (4) either someone filled the position or it remained vacant and the employer continued to seek applicants. See Holcomb v. Powell, 433 F.3d 889, 902 (D.C. Cir. 2006) (citing Lathram v. Snow, 336 F.3d 1085, 1088 (D.C. Cir. 2003)). Therefore, the underlying analyses of Plaintiff's prima facie case in *Pointer I* and *Pointer II* are quite different.

Furthermore, even assuming that Plaintiff could establish his prima facie case of discrimination in both cases, the facts supporting Defendant's legitimate, non-discriminatory reasons differ dramatically in the two cases. For example, in *Pointer I*, as a defense, Defendant

will offer facts showing that Plaintiff was not similarly situated with any other employees not in the protected class. See Neuren v. Adducci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995) (holding that to be similarly situated, a plaintiff must show "that all relevant aspects of her employment situation were 'nearly identical'" to those outside the protected class.); see also William v. Gonzales, 391 F. Supp.2d 52, 59 (D.D.C. 2005) (requiring plaintiff to "point to evidence in the record of another employee whose conduct and conditions of employment was sufficiently 'similarly situated in all material respects to support at least a minimum inference that the difference of treatment may be a attributable to discrimination.'"). Furthermore, Defendant will argue that Plaintiff's poor performance caused Defendant to write up the incident reports, which formed the basis for Plaintiff's termination.

As for *Pointer II*, Defendant will offer explanations showing that Plaintiff's perception of his own qualification for the position was irrelevant and that Defendant chose the most qualified person for the job. See Aka v. Washington Hospital Center, 156 F.3d 1284, 1294 (D.C. Cir. 1998); Buggs v. Powell, 293 F. Supp.2d 135, 144 (D.D.C. 2003). In short, the legal analyses for a disparate treatment claim (*Pointer I*) is markedly different from the analytical approach in a non-selection claim (*Pointer II*). Accordingly, Plaintiff has not shown that *Pointer I* and *Pointer II* involve "a common question of law" for consolidation purposes under Fed. R. Civ. P. 42(a).

**B.   The Underlying Facts Are Different.**

The facts surrounding the claims in *Pointer I* and *Pointer II* are different. Local Rule 40.5(a)(3) defines related cases as those that involve common issues of fact or grow out of the same event or transaction. See LCvR 40.5(a)(3). Indeed, the Local Rule 40.5 is intended to constitute an exception to the normal judicial policy of random assignment of cases. Howard v.

Gutierrez, 405 F. Supp. 2d 13, 15 ( D.D.C. 2005), citing this Court's unpublished decision Sculimbrene v. Reno, Civil No. 99-2010 (D.D.C. 1999). Such an exception should not be applied in this case.

Here, the two cases do not grow out of the same transaction. In *Pointer I*, Defendant terminated Plaintiff's employment in October 2005 because of his poor performance. In *Pointer II*, Defendant did not select Plaintiff for a position as a stone mason in April 2006 because he was not as qualified as the selectee. The two alleged discriminatory actions took place approximately six months apart. Furthermore, the officials involved in *Pointer I* are not the same as those in *Pointer II*.

Plaintiff argues that "[i]f it were possible, Plaintiff would have included the denied selection claim [the subject of *Pointer II*] in [*Pointer I*], but for the administrative prerequisites and filing deadlines imposed by the Office of Compliance's Civil Procedure Rules." Mot. to Consolidate at 3. However, this argument only highlights the fact that *Pointer I* and *Pointer II* do not grow out of the same transaction. Accordingly, *Pointer I* and *Pointer II* are not related and should not be consolidated. Hence, this matter (Pointer II) should be transferred back to the Calendar Committee for random reassignment.[1]

## IV.   Conclusion.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Consolidate Related Cases.

---

[1] Plaintiff also moves for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides for joint trials or hearings of consolidated matters. Since as we argue above these matters are not related and should not be consolidated there is no basis for a joint trial or hearing in this case.

Dated: November 28, 2006.　　　　　　　　Respectfully Submitted,

　　　__/s/__ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

　　　__/s/__ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

　　　__/s/__ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE POINTER,           ) | |
|                              ) | |
|     Plaintiff,      ) | |
|                              ) | |
| v.                              ) | Civ. No.: 06-CV-1056 (RCL) |
|                              ) | ECF |
|                              ) | |
| THE ARCHITECT OF     ) | |
| THE CAPITOL,              ) | |
|                              ) | |
|     Defendant.   ) | |
| _____) | |

ORDER

Upon consideration of Plaintiff's Motion to Consolidate Related Cases, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 200___,

ORDERED that Plaintiff's Motion to Consolidate Related Cases be and is hereby DENIED.

SO ORDERED.

_____
District Court Judge