**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRUCE POINTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civ. No. 06-CV-1056 (RCL) |
| ) | |
| **THE ARCHITECT OF** ) | |
| **THE CAPITOL,** ) | |
| ) | Related Case: 06-CV-1576 |
| **Defendant.** ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

The undersigned counsel regrets filing this Opposition, as it is not his practice to oppose requests for extension of time under normal circumstances and is fully aware that the court disfavors these types of disputes. However, the undersigned respectfully asserts that it cannot consent to further extension requests by Agency counsel for fear of prejudicing the Plaintiff's ability to conduct thorough discovery and breaching his ethical obligations to his client, Mr. Bruce Pointer.

Assistant United States Attorney John Truong, counsel for the Architect of the Capitol, has failed to meet numerous deadlines in both Case No. 06-cv-1056 (Pointer 1 (termination)) and Case No. 06-cv-1576 (Pointer 2 (non-selection)). As is the case with respect to the request for extension at issue here, Agency counsel has sought multiple

extensions for the same deadline.[1]    Plaintiff has consented to <u>each</u> and <u>every</u> request for

an extension, except for the one at issue here.

The parties agreed to exchange discovery responses on June 7, 2007.  On June 6th,

Agency counsel contacted the undersigned to request an extension to June 11, 2007 due

to a couple of "emergency issues" that came up in another case.  In consenting yet again,

the undersigned responded on June 7, 2007 via email:

> I believe that you have sought an extension with respect to every single
> deadline that we have had in this case.  While I certainly understand that
> things come up and I want to be able to work with you, I need to protect
> my client and make sure that we are not prejudiced by these repeated
> extensions.  I will consent this time but please understand that any future
> requests will not be consented to if it prejudices my client in any way and
> unless we have a revised scheduling order from the judge that extends
> discovery and  motions deadlines in both cases.  As I have indicated to
> you, I await the Agency's discovery responses in both cases so that I can
> decide who want to depose in Pointer 2 and any additional deps that might
> be needed in Pointer 1.
>
> I will not be in the office on Monday so let's just exchange discovery by
> 12pm on Tuesday, June 12, 2007.  Please also advise when Rebecca
> Tiscione is available for her deposition in the Pointer 2 case.

Agency counsel did not respond to my June 7, 2007 email.  On the day that we

were to exchange discovery, June 12, 2007, the undersigned asked Defendant's counsel

via email whether the Agency was prepared to exchange discovery.  He responded:

> This is to follow up on my VM to you.  There is some miscommunications
> on our part and not all of the responses to Plaintiff's discovery requests
> have been completed.  Eddie Martinez, agency counsel, is out today and
> will also be out again on Thurs. and Friday.

---

[1] With respect to a similar discovery delay caused by the Defendant, the undersigned
attempted to schedule depositions at a mutually convenient time.  The undersigned originally
issued notice of depositions on April 25, 2007, however, pursuant to Defendant's request to
reschedule, agreed to postpone the depositions to mutually agreeable dates.  The undersigned
then conducted numerous follow up calls and correspondence to counsel in an effort to
rescheduled the depositions.  Notwithstanding these efforts, it was not until a month later that
the Defendant even proposed potential dates for the depositions.

I have a one-week jury trial that begins on June 13. In short, we need an extension until at least June 22 (after my trial) to get you the responses. I understand the need to get you Defendant's responses ASAP, but even with a June 22 deadline, you will still have plenty of time to prepare for the depositions in July.

Many thanks for your understanding and cooperation. Please let me know your position on the extension request.

Once again, the undersigned was willing to consent to the requested extension, however, in order to avoid future requests to extend the deadline to exchange discovery responses, the undersigned asked that Agency counsel agree that no future extensions would be permitted absent a showing of good cause to the court. The undersigned explained to counsel that such a showing should be necessary because (1) we have several depositions scheduled in Pointer 1 to begin on July 10, 2007 and the responses to discovery are critical to Plaintiff's counsel's preparation; (2) the close of discovery is fast approaching (currently it is set for July 25, 2007) and (3) the responses to Pointer 2 are necessary so that we may identify certain John and Jane Does involved in the selection process to notice their deposition; and (4) my client does not wish to yet again consent to delay his case any further. Agency counsel rejected my suggestion.

The undersigned then asked that the Agency provide an alternative solution whereby it could assure that it would provide its responses to Plaintiff's discovery by June 22, 2007. Agency counsel declined to do so and indicated that it could not even assure the undersigned that it would be able to meet the requested deadline of June 22, 2007. Without any assurance whatsoever, the undersigned informed Agency counsel that it could not consent to Agency counsel's requested extension.

While professional courtesy dictates that we consent to reasonable extension requests, the undersigned cannot agree to give Agency counsel *carte blanche* to continually disregard deadlines to the point that the Plaintiff's ability to conduct thorough discovery, including multiple sets of written discovery and multiple depositions, prior to trial is prejudiced.  This endless cycle must have an endpoint.

The undersigned's obligations to his client, expressed in Rule 1.3 (Diligence and Zeal) and 3.2 (Expediting Litigation) of the Rules of Professional Conduct, require counsel to not intentionally prejudice a client, act with reasonable promptness in representing a client and make reasonable efforts to expedite litigation consistent with the interests of the client.  Agreeing to another extension without any assurance that the Agency would meet its requested deadline prejudices my client by compressing the time between receipt of the Agency's discovery responses and the scheduled depositions, thwarts plaintiff's ability to propound additional discovery requests in both cases within the time allotted for discovery and prevents Plaintiff from timely identifying and noticing appropriate human resources and selecting official witnesses to depose in Pointer 2 in time for the close of discovery.  Should the Agency fail to meet the June 22, 2007 deadline, the depositions that are currently set to start on July 10, 2007 would likely need to be postponed and the deadline for the close of discovery would likewise need to be extended.

In sum, the undersigned has worked with Agency counsel in the past by consenting to his numerous requests for extensions, however, the undersigned can no longer consent due to the prejudice Plaintiff will suffer as a result.

Plaintiff respectfully requests that the court deny Defendant's Motion for an Extension to Respond to Plaintiff's Request, or if the court decides to grant Defendant's motion, order that any future extensions be denied absent a showing of good cause.

Respectfully Submitted,


_____/s/_____
Sundeep Hora
D.C. Bar No. 472944
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@adhlawfirm.com

**CERTIFICATE OF SERVICE (ECF)**

I certify that on June 13, 2007, I electronically filed the foregoing with the Clerk of the Court by using the Court's Electronic Case Filing (ECF) system that will send a Notice of Electronic Filing to the following:

Leslie David Alderman, III (lalderman@a-dlaw.com, cdevorsetz@a-dlaw.com)

John C. Truong (john.truong@usdoj.gov)

_____/s/_____
Sundeep Hora

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **BRUCE POINTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civ. No. 06-CV-1056 (RCL) |
| | ) | |
| **THE ARCHITECT OF** | ) | |
| **THE CAPITOL,** | ) | |
| | ) | |
| | ) | Related Case: 06-CV-1576 |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant's Motion for an Extension of Time to Respond to Plaintiff's Discovery Requests and the Opposition thereto, it is this _____ day of _____ of 2007, ORDERED that Defendant's Motion for an Extension of Time be and is hereby DENIED; and it is FURTHER ORDERED that future extension requests shall not be granted without good cause shown.

SO ORDERED

_____
U.S. District Judge