**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRUCE POINTER,                           )
                                         )
       Plaintiff,                       )
                                         )
       v.                               )          Civil Action No. 06-1056 (RCL)
                                         )
THE ARCHITECT OF                         )
THE CAPITOL                              )
                                         )
       Defendant.                       )
_____ )

**STIPULATED PROTECTIVE ORDER**

       This is an employment discrimination lawsuit in which Plaintiff alleges that

Defendant discriminated and retaliated against him in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Defendant denies the

allegations.  Each party anticipates seeking and/or disclosing personnel, medical, and

other records and information that are likely to contain confidential information,

including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C.

§ 552a, and the Health Insurance Portability and Protection Act. The purposes of the

protective order are to allow the parties to discover and disclose such information and

documents, to limit their further disclosure, and to allow either party to request

CONFIDENTIAL or CONFIDENTIAL MEDICAL treatment of specified documents

and information.  Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, it is hereby:

ORDERED that, pursuant to this Protective Order, Defendant is authorized to release

information otherwise protected by the Privacy Act without obtaining prior written

consent of the individuals to whom such records pertain provided that such information is

reasonably related to this litigation. Nothing in the Protective Order is intended to limit or

preclude in any way Defendant's rights to access and review documents containing

Privacy Act information.

IT IS FURTHER ORDERED that the parties hereby stipulate to the entry of a

Protective Order as follows:

Whenever counsel for either party believes that formal or informal discovery in

this case, in whatever form, may reveal or has revealed information which may be within

the scope of the provisions of the Privacy Act or the Health Insurance Portability and

Protection Act or may contain other types of confidential or sensitive information, the

following procedures shall be followed:

1.      Counsel for the party producing such information shall designate the

information as subject to this Order by letter and by marking documents containing such

information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL."

Upon request from the other party, counsel for the producing party will promptly explain

its basis for designating material as being subject to the Protective Order.[1]

2.      The parties shall not file discovery materials, including interrogatories,

answers : thereto, document requests, responses thereto, requests for admission,

responses thereto, or deposition transcripts, containing information subject to this Order

with the Clerk. Documents and information identified in accordance with paragraph 1of

---

[1] The parties agree that certain documents produced by Plaintiff in response to
Defandant's discovery requests prior to the entering of the Stipulated Protective Order are
subject said Order.  Specifically, the following documents are designated and agreed to as
Confidential in Case No. 10576: Bates No. PI000006.  The following documents are
designated and agreed to as Medical Confidential in Case No. 1576: PI000014 to
PI000017.

this Protective Order shall be kept in strict confidence according to the terms of this

Order and used exclusively in connection with this litigation.

    3.     If any party intends to file any motion, opposition, reply or any other filing

prior to trial and attach thereto or set forth therein the relevant portion of records that

have been designated as subject to this Order pursuant to paragraph one, the parties shall

file two copies of such filing ("Version One" and "Version Two") with the Clerk.

Version One shall redact only the specific information designated pursuant to paragraph

one of this Consent Order and shall be filed on the public record. Version Two shall

contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other

approved sealed containers on which shall be endorsed the caption of this action, a brief

description of the contents of such sealed envelope or container, and the words "under

seal." Nothing in this Protective Order should be taken as limiting the right of any party

to offer documents and information covered by this Order into the record of this action in

redacted form that deletes individually identifying information and from which the

identity or identities of individual persons cannot be determined.

4.     Access to all records designated "CONFIDENTIAL" under this Order (unless the

parties have agreed otherwise or the Court enters an order permitting disclosure) shall be

limited to the parties, counsel for the parties (including agency counsel), consultants to

the parties, paralegals, interns, and expert witnesses in their employ, and any other person

mutually authorized by all counsel to examine such materials. Any person having access

to information subject to this Order shall be informed that it is confidential and subject to

a non-disclosure Order of the Court. Defendant's right of access to all records of Plaintiff

designated "CONFIDENTIAL MEDICAL" under this Order or to medical records

covered by HIPPA that Defendant has subpoenaed (unless the parties have agreed

otherwise or the Court enters an order permitting disclosure) shall be limited to counsel

for the Defendant (including agency counsel), consultants to the parties, paralegals,

interns and expert witnesses in their employ, and any other person mutually authorized by

all counsel to examine such materials. No officials or employees of Defendant, except for

agency counsel and any other person mutually authorized by all counsel, shall have

access to Plaintiff's records designated "CONFIDENTIAL MEDICAL," although the

Court will upon request reconsider such access for a limited number of agency officials at

a time when Defendant believes such access has become necessary for purposes of

considering settlement or otherwise.

        5.      Except as provided herein, no person having access to records designated

as subject to this Order shall reveal to any person not named in paragraph 4 any

information contained in such material without further Order of the Court or stipulation

of the parties.

        6.      All documents and copies of documents designated as subject to this

Order shall be destroyed or returned to counsel for the producing party within sixty (60)

days of the conclusion of all trial and appellate proceedings in this case. If the documents

are destroyed, counsel shall so notify opposing counsel in writing.

        7.       Nothing contained in this Order shall be construed as precluding Plaintiff

or Defendant from introducing materials which are subject to this Order, or the contents

thereof, into evidence at the trial of this case. If however, these documents are to be used

at trial, the Court may determine and direct at that time the extent to which confidentiality

shall be protected. Nothing in this Protective Order may be taken or construed as a ruling

4

or statement concerning the admissibility of any documents or information.

8.      Any specific part or parts of the restrictions imposed by this Protective

Order may be terminated at any time by a letter from designating counsel or by an Order

of the Court. This

9.      This Order is without prejudice to the rights of any party to seek from the

Court the modification of this Order. If either party disagrees with the other party's

designations and if the parties are unable to resolve the disagreement, the party opposing

the designation may seek an order from the Court removing the disputed material from

the protection of this Protective Order. Until any such disagreement is adjudicated, the

party in receipt of records designated "CONFIDENTIAL" or "MEDICAL

CONFIDENTIAL" shall treat the records and the information contained in the records in

accordance with the terms of this Protective Order.

10. Each person to whom records or information designated "CONFIDENTIAL"

or "MEDICAL CONFIDENTIAL" under this Protective Order is revealed shall sign and

date a copy affirming that they have read and agree to be bound by the terms of this

Protective Order. Counsel of record for each party shall retain those signed copies, which

shall not be provided to the adverse party.

_____/s/_____
Sundeep Hora, D.C. Bar # 472944
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
Phone (202) 969-8220
Fax (202) 969-8224

Attorney for Plaintiff

   /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant




It is so ORDERED by the Court this _____ day of _____, 200__.



      _____
      United States District Judge