UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE POINTER, | ) |
| | ) |
| Plaintiff, | ) Civil Action Nos. 06-1056 (RCL) |
| | ) |
| | ) ECF |
| v. | ) |
| THE ARCHITECT OF THE CAPITOL, | ) |
| | ) |
| Defendant. | ) |

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to these action, Bruce Pointer ("Plaintiff") and the Architect of the Capitol ("Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised against the Defendant as of the date of execution of this Agreement by Plaintiff. Plaintiff agrees to accept the terms set forth herein in full satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Plaintiff's employment with Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled action, against the Defendant, based upon acts or events occurring up to the date this settlement agreement is executed by the Plaintiff.

2. All obligations and agreements contained herein are conditional upon formal approval and execution of this agreement by the Office of Compliance Executive Director, pursuant to 2 U.S.C. § 1414-1415.

3. Once this stipulation is executed by all parties and the Executive Director of the Office of Compliance, the Defendant shall, subject to the conditions and limitations set forth herein, pay the gross amount of One Hundred and Thirty Thousand Dollars ($130,000.00), by lump sum payment, without deduction, withholding, or setoff, inclusive of all attorney's fees, in full and final settlement of the above-styled action and any and all claims that could or should have been brought as of the date this settlement agreement is executed by the Plaintiff.. The payment of the foregoing sum shall be made by wire transfer or check payable to the client trust account of Alderman, Devorsetz & Hora PLLC, in accordance with information that will be provided by Plaintiff's counsel contemporaneously with the execution of this Stipulation. The Parties understand that the government will not be responsible for the payment of taxes on the amounts paid to Plaintiff and/or his counsel under this agreement.

3. This Stipulation shall represent the full and complete satisfaction of all of Plaintiff's claims arising from the allegations set forth in the complaint filed in the above-styled action, including (but not limited to) all claims of violations of the Congressional Accountability Act and Title VII of the 1964 Civil Rights Act, as amended, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation.

4. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or unasserted, against the Defendant and/or its agents, servants or

employees, past or present, that arose as a result of Plaintiff's employment or other contacts with the Defendant, and based upon acts or events occurring as of the date of execution of this Agreement by Plaintiff. Such waived, released, discharged, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaints filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in said litigation or claims arising from Plaintiff's employment or other contacts with Defendant, and based upon acts or events occurring as of the date of execution of this Agreement by Plaintiff. This Stipulation shall also include all of Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised in this action, except as otherwise specified above.

5. Plaintiff agrees not to institute any other action, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues he raised in the above-styled action or his employment or other contacts with Defendant of which he knew or should have known as of the date on which this settlement agreement is executed by the Plaintiff.

6. Plaintiff acknowledges that he has read this entire Stipulation, that he understands all of its terms and conditions, and that he is freely and voluntarily entering into this Stipulation. Plaintiff further acknowledges that he has been represented in settlement negotiations by his undersigned attorneys, and that Plaintiff's attorneys have reviewed and explained the provisions of this Stipulation to Plaintiff's satisfaction, and that Defendant has provided reasonable and sufficient time for this purpose.

7. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees, past or present, violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel, counsel for the Defendant and the Executive Director of the Office of Compliance shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

10. The Parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. This Stipulation has been reviewed and approved by the Executive Director of the Office of Compliance, as required by § 414 the Congressional Accountability Act.

12. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

13. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

14. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their

4

respective counsel. not included herein shall be of any force and effect. Furthermore, no amendment to this Agreement shall be effective without written agreement of the parties.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

Dated: 4/29/08

Bruce Pointer, Plaintiff

Dated: _____

/s// _____
Sundeep Hora
Leslie D. Alderman, III
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, DC 20036
(202) 969-8220

Attorney for Plaintiff

Dated: 5/12/08

/s// Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s// Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR 434122
Assistant United States Attorney

/s// John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

5

Civil Action
06-AC-36 (CV, RP)

*[signature]* *Tamara E Chrisler*    5-15-08
Tamara Chrisler
Executive Director
Office of Compliance

~~Attorney for the Agency/Defendant~~    SEC

SO ORDERED, on this _____ day of _____, 2008.

_____
Judge Royce L. Lamberth

6